UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK LOMBARDO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>    Plaintiff<br>v.<br><br>WINDHAM PROFESSIONALS, INC.<br>    Defendant | CASE NUMBER:<br><br>CLASS ACTION<br>COMPLAINT<br><br><br>MAY 10, 2010 |

## I. INTRODUCTION

1. Patrick Lombardo brings this suit on behalf of himself and all those similarly situated in Connecticut against Windham Professionals, Inc., a debt collector, on account of its attempted collection of fees associated with the collection of the debt in an amount in excess of that permitted by law (the "Class"), as described more fully below, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"),, Conn. Gen. Stat. § 42-110a *et seq.*.

2. Plaintiff brings this class action in accordance with the FDCPA, 15 U.S.C. § 1692k and CUTPA, Conn. Gen. Stat. § 42-110g.. Plaintiff alleges that Defendant has attempted to collect fees associated with the collection of the debt in excess of that permitted by applicable state law, in connection with dozens, if not hundreds, of consumer obligations other than federal student loans.

## II. PARTIES

3. The Plaintiff, Patrick Lombardo, is a natural person residing in Bridgeport, Connecticut.

4. The Defendant, Windham Professionals, Inc. ("Windham"), is a Massachusetts corporation and a collection agency with its principal place of business in Salem, New Hampshire. Windham uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue in this Court is proper, as the Plaintiff and the class members are residents of Connecticut and the violative conduct that is the subject of this litigation was conducted within this State.

### IV. PLAINTIFF'S TRANSACTION

7. In 2009, Plaintiff defaulted upon a private student loan.

8. After default, the account was referred or assigned to Windham for collection.

9. On January 6, 2010, Windham sent Plaintiff a notice informing him that the amount due equaled $37,793.09, broken down as follows:

| | |
|---|---|
| Principal: | $29,187.98 |
| Interest: | $ 1,049.89 |
| Collection Cost: | $ 7,555.22 |

*See* Exhibit A, attached.

10. The collection cost of $7,555.22 was greater than 15% of the amount which Windham sought to collect.

### V. CLASS ALLEGATIONS

11. Plaintiff brings this action as a class action. The class is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that Windham sent them, within one year of the commencement of this action, a notice in connection with a consumer obligation other than a federal student loan in which it included a collection fee that was greater than 15% of the amount sought to be collected.

2

12. Plaintiff is unable to state the precise number of potential Class members, because that information is exclusively in the possession of Windham and readily available through discovery. Plaintiff believes, and on that basis he alleges, that the potential Class number is at least forty and is more likely in excess of one hundred.

13. The proposed Class is so numerous that joinder of all members would be impracticable.

14. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

15. Plaintiff's claims are typical of those of the Class he seeks to represent.

16. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

17. The common questions of law and fact predominate over any individual questions, in that the existence and extent of the collection or attempted collection of fees in excess of that permitted by law may be readily ascertained by reviewing the notices that Windham prepared and sent, and any individual questions are subordinate to the common questions of whether Windham's practices violate the FDCPA and CUTPA and whether the class members are entitled to recover damages.

18. A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for Windham.  Moreover, because most Class members are unaware of the limitations on the amount of collection of fees, they are unlikely to bring an independent action, and a class action is the only way that these overcharges can be rectified.

## VI. CLAIMS FOR RELIEF

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692 *et seq.*

19. Paragraphs 1 through 18 are herein incorporated.

20. Windham's attempt to collect fees in excess of the percentage permitted by Conn. Gen. Stat. § 36a-805(13) is in violation of the Fair Debt Collection Practices Act. Specifically, and without limitation, Windham:

   a. Committed false, deceptive and misleading representations, in violation of 15 U.S.C. §1692e;

   b. Falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(a);

   c. Falsely represented the collection fee which may be lawfully be collected in violation of 15 U.S.C. § 1692e(2)(B);

   d. Used unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and,

   e. Attempted to collect fees associated with the collection of the debt in an amount in excess of that permitted by law, in violation of 15 U.S.C. § 1692f(1).

### SECOND COUNT
### Violation of Conn. Gen. Stat. § 42-110a *et seq.*

21. Paragraphs 1-20 are incorporated.

22. Windham's improper assertion of excessive collection fees was unfair and deceptive, and it constituted a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *set seq.*

23. Plaintiff and the class members have suffered an ascertainable loss due to the imposition of the illegal and excessive collection fee imposed by Windham.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; costs and attorney's fees pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, attorney's fees, costs, and injunctive relief in the form of an order prohibiting Windham from asserting collection fees in excess of 15% for consumer obligations other than federal student loans, and such other relief as this Court deems appropriate.

PLAINTIFF, PATRICK LOMBARDO Individually,
And On Behalf Of The Class,

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

Joshua R.I. Cohen, Fed Bar No. ct 27939
jcohen@debtorslawfirm.com
Law Office of Joshua R.I. Cohen, LLC
2074 Park Street, 2nd Floor
Hartford, CT 06106
Tel. (860) 233-0338  Fax. (860) 233-0339

# EXHIBIT A

**Windham**
PROFESSIONALS
PO BOX 1048 ♦ 380 MAIN ST ♦ SALEM NH 03079 ♦ 1-888-241-8262

January 6, 2010

## VALIDATION NOTIFICATION

The records of SALLIEMAE, for the account listed within, indicate that your account is past due.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**\*\* NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION \*\***

By submitting payments by check you are authorizing Windham Professionals, Inc. to process the check electronically. Also, please understand that your returned check may be collected electronically if it is returned for insufficient or uncollected funds.

| ACCOUNT INFORMATION | |
|---|---|
| Re | SALLIEMAE |
| Name | PATRICK J LOMBARDO |
| Account Number | 03519702 |
| Principal | $ 29,187.98 |
| Interest | $ 1,049.89 |
| Collection Costs | $ 7,555.22 |
| Other Charges | $ 0.00 |
| Amount Due As Of 01/06/10 | $ 37,793.09 |

| OFFICE HOURS |
|---|
| Monday - Thursday |
| 9:00 am – 11:00 pm ET |
| Friday |
| 9:00 am – 9:00 pm ET |
| Saturday |
| 9:00 am – 2:00 pm ET |

| PAYMENT OPTIONS |
|---|
| Check by Phone |
| 1-888-241-8262 |
| Mail In Payments |
| WINDHAM PROFESSIONALS, INC. PO BOX 1048 SALEM NH 03079-1048 |
| On-Line Payments |
| https://wpipayment.com |

✂ Detach Bottom Portion And Return With Payment ✂

WPI
PO BOX 1048
SALEM NH 03079-1048
FORWARDING SERVICE REQUESTED

PERSONAL & CONFIDENTIAL
S-DK011120 L-102 A-03519702
P0Z55C00204853 I09574
PATRICK J LOMBARDO
225 GOLDEN HILL ST
APT 4G
BRIDGEPORT CT 06604-4106

| REGARDING | |
|---|---|
| SALLIEMAE | |
| ACCOUNT NUMBER | AMOUNT DUE AS OF 01/06/10 |
| 03519702 | $ 37,793.09 |

WINDHAM PROFESSIONALS, INC.
PO BOX 1048
SALEM NH 03079-1048

Amount Paid: $ ☐☐☐☐ . ☐☐

S-DK011120 L-102 A-03519702