IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Patrick Lombardo, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No.   3:10-cv-00723-DJS |
| **Windham Professionals, Inc.** | ) ) | |
| **Defendant.** | ) | December 11, 2012 |

**ORDER CONCERNING CLASS CERTIFICATION, NOTICE AND SCHEDULING**

Plaintiff, Patrick Lombardo, and defendant, Windham Professionals, Inc. ("Windham") have reached a settlement of this matter. Plaintiff and Windham (the "Settling Parties") having made application pursuant to Rule 23 for an order approving the settlement of this case, in accordance with the *Settlement Agreement and Release* dated August 31, 2011 (the *"Settlement Agreement"*), which together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement of this case and for the dismissal of this case upon the terms and conditions set forth therein; and the Court having read and considered the *Settlement Agreement* and the exhibits annexed thereto; and the Settling Parties having been heard,

   IT IS HEREBY ORDERED:

   1.   This case shall proceed as a class action for purposes of determining whether the proposed settlement is fair, reasonable, and adequate.

2. The class shall consist of all individuals who are natural persons and who are residents of the State of Connecticut to whom, on or after May 11, 2009, Windham sent collection notices in connection with a consumer debt other than a federal loan, in which Windham demanded a collection cost of greater than 15% the amount of which it sought to collect.

3. Daniel S. Blinn of Consumer Law Group, LLC and Joshua R.I. Cohen of Law Office of Joshua R.I. Cohen, LLC are appointed as Class Counsel.

4. Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the members of the class for purposes of effectuating the Settlement and releasing their claims.

5. The Court approves, as to form and content, the *"Notice of Pendency of Class Action, Proposed Settlement and Hearing"* ("Notice") annexed to the Motion for Preliminary Approval and finds that the mailing of the notice to class members substantially in the manner and form set forth in the *Settlement Agreement* meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court has attached an updated Notice that indicates appropriate dates and Magistrate Judge Thomas P. Smith as the presiding judge in this matter. The updated Notice shall be mailed to class members **within 28 days of this order**. At or before the fairness hearing provided for by this Order, Defendant's Counsel shall serve on Class Counsel and file with the Court, proof by affidavit of the aforesaid mailings and the forwarding of mail that was returned and Class Counsel shall serve on Defendant's

Counsel and file with the Court, proof by affidavit of the skip-tracing and re-service of returned notices, as provided for in the Settlement Agreement.

6. Class members shall be bound by all determinations and judgments in this case relating to the proposed settlement, whether favorable or unfavorable, unless such persons shall elect to opt-out of the class as provided for in the attached Notice.

7. Class Counsel may contact any person who has requested to opt-out, or such person's counsel if the person is represented, to discuss that person's reason for requesting exclusion. If any person who has requested to opt out of the Class elects to timely rescind the request and so notifies Class Counsel, Class Counsel shall notify Defendant's counsel of that request, and that person's request for exclusion shall be deemed null and void.

8. As provided in the Settlement Agreement, if four or more class members opt-out of the Class, Defendant shall have the option to declare the Settlement Agreement void. Such notice shall be given no later than 10 days prior to the final hearing date.

9. All members of the Class who do not request exclusion therefrom may enter an appearance in this case, personally or through counsel of their own choice and at their own expense. If they do not enter an appearance, they will be represented by Class Counsel.

10. Any member of the Class who has not requested exclusion in the manner provided for in this Order may appear and show cause, if he or she has any, why the proposed settlement of this case should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested fees should or should not be awarded to Class Counsel; provided, however,

that no class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the amount of attorneys' fees to be awarded to Class Counsel, unless that person has filed a written statement containing the reasons for the objections on or before **March 26, 2013** as described in the attached Notice.

11. A final hearing (the "Hearing") shall be held before this Court on **April 16, 2013 at 10:00 am at** the United States District Court for the District of Connecticut at Hartford, 450 Main Street, Hartford, Connecticut, to determine (i) whether the proposed settlement of this case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to members of the classes and should be approved finally by the Court, and (ii) the reasonableness of the plaintiff's requests for attorneys' fees and costs.

12. No later than ten (10) calendar days prior to the Hearing, Class Counsel shall file with this Court and serve on opposing counsel copies of (a) submissions in support of the proposed Settlement and (b) applications for a class representative fee and for attorneys' fees and costs. Counsel shall serve a copy of any such responsive submissions on opposing counsel and also on the person (or his or her counsel) who made the objection to which the submission is responsive.

13. In the event the *Settlement Agreement* terminates pursuant to its terms for any reason, upon motion by any party, the certification of the Settlement Class pursuant to this order shall be vacated automatically and this action shall revert to its status immediately prior to the execution of the *Settlement Agreement*.

14. The Court reserves the right finally to approve the *Settlement Agreement* with modifications and without further notice to members of the Class, to adjourn the date of the hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

**SO ORDERED this   11th   day of    December   , 2012.**

           **/s/ Thomas P. Smith**
           **Hon. Thomas P. Smith**
           **United States Magistrate Judge**